THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL NEELY,

        Plaintiff,

v.

THE BOEING COMPANY,

        Defendant.

Case No. 16-01791-RAJ

**ORDER**

This matter comes before the Court on Plaintiff's Motion for Leave to File Second Amended Complaint. Dkt. # 45.

Plaintiff filed his original Complaint in the Central District of California on July 7, 2016. Dkt. # 1. Plaintiff filed a First Amended Complaint on September 15, 2016. Dkt. 14. Defendant then filed a motion to transfer on October 12, 2016. Plaintiff's case was transferred to this Court on November 18, 2016. Dkt. ## 17, 25. On March 28, 2017, the parties filed a Joint Status Report. In the Joint Status Report, Plaintiff stated that he intended to file a Second Amended Complaint. Dkt. # 43. On May 18, 2017, Plaintiff filed this Motion. Dkt. # 45.

Amendment to pleadings is governed by Federal Rule of Civil Procedure 15(a). Rule 15(a) "provides that a party's right to amend as a matter of course terminates 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). "In all other

ORDER - 1

cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate a decision on the merits, rather than on the pleadings or technicalities." *Roth v. Garcia Marquez,* 942 F.2d 617, 628 (9th Cir. 1991); *United States v. Webb,* 655 F.2d 977, 979 (9th Cir. 1981). Further, the policy of favoring amendments to pleadings should be applied with "extreme liberality." *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir. 1987).

Against this extremely liberal standard, the Court may deny leave to amend after considering "the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). But "[n]ot all of the factors merit equal weight ... it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.* The party opposing amendment bears the heavy burden of overcoming this presumption. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

Defendant argues that Plaintiff has failed to perfect service in accordance to Federal Rule of Civil Procedure 4 and that Plaintiff's Second Amended Complaint cannot relate back to his original Complaint. Defendant also argues that Plaintiff's Second Amended Complaint contains new allegations of retaliation under the Age Discrimination in Employment Act of 1967 ("ADEA") and that the statute of limitations has passed on that claim. Defendant requests that Plaintiff's original Complaint and First Amended Complaint be struck under Federal Rule of Civil Procedure 4(m), or in the alternative, that Plaintiff's ADEA retaliation claim be struck from the Second Amended Complaint.

ORDER - 2

Plaintiff filed his original Complaint one month after he received the EEOC's right-to-sue notice, which was well within the 90-day statute of limitations. The Complaint specifically refers to the ADEA and makes allegations of retaliation[1]. Dkt. # 1 ¶¶ 28-30. Thus, Defendant had notice that Plaintiff intended to make allegations of retaliation under the ADEA. As these claims are not new, at issue is whether Plaintiff's Amended Complaints can relate back to his original Complaint because it was not properly served.

Upon review of the record, it is clear Plaintiff failed to properly serve his original Complaint. Federal Rule of Civil Procedure 4(m) requires the Defendant to be served within 120 days after the complaint is filed. Fed. R. Civ. P. 4(m). Plaintiff did not serve Defendant until after he filed his First Amended Complaint on September 15, 2016. Dkt # 14. When deciding whether to dismiss a complaint for a plaintiff's failure to timely serve, the Court can consider the prejudice that would be suffered by that plaintiff. *Lemoge v. United States*, 587 F.3d 1188, 1195 (9th Cir. 2009). A dismissal for untimely service is required to be a dismissal without prejudice. *United States v. 2,164 Watches, More or Less, Bearing a Registered Trademark of Guess?, Inc.*, 366 F.3d 767, 772 (9th Cir. 2004). When the applicable statute of limitations would bar the re-filed action, a dismissal without prejudice would effectively become a dismissal with prejudice. *Id.* Under circumstances such as these, prejudice to Plaintiff is an important consideration. *See id.* at 1196.

Dismissal of Plaintiff's original Complaint for failure to serve Defendant would bar Plaintiff from filing his ADEA claim would cause Plaintiff to suffer substantial prejudice. In contrast, Defendant has not shown that it was prejudiced by this failure. As noted in Defendant's Response, the parties have had extensive interaction regarding this case, and Defendant has both seen and reviewed Plaintiff's Complaint, First

---

[1] The Court makes no determination as to whether Plaintiff's ADEA claim is sufficiently pled at this time.

ORDER - 3

Amended Complaint, and proposed Second Amended Complaint. Dkt. # 51. Therefore, Defendant's motion to strike the original Complaint and First Amended Complaint is **DENIED.** Defendant's motion to strike Plaintiff's ADEA retaliation claim from the Second Amended Complaint is also **DENIED**.

Because the underlying purpose of Rule 15 is to facilitate a decision on the merits, Plaintiff should be permitted an opportunity to allege every relevant fact and argument in support of his claims. Defendant had notice of Plaintiff's claims and makes no argument that it was prejudiced in any way by Plaintiff's failure to effect service. Defendant has failed to meet its "heavy burden" of overcoming the presumption in favor of liberal amendment.

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for leave to file his Second Amended Complaint. Dkt. # 45. Plaintiff shall file his proposed amended complaint, filed as Docket No. 49, within twenty days of the date of this order.

Dated this 19th of September, 2017.

The Honorable Richard A. Jones
United States District Judge

ORDER - 4