UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL NEELY,

                              Plaintiff,                    Case No. 16-01791-RAJ

        v.

THE BOEING COMPANY,                              **ORDER**

                              Defendant.

        This comes before the Court on Plaintiff's Motion to Compel[1].  Dkt. # 71.

Defendant opposes the Motion.  Dkt. # 74.

## I.      BACKGROUND

        Plaintiff filed his original Complaint in the Central District of California on July

7, 2016.  Dkt. # 1.  Plaintiff filed a First Amended Complaint on September 15, 2016.

Plaintiff's case was transferred to this Court on November 18, 2016.  Dkt. ## 17, 25.

On September 20, 2017, Plaintiff filed a Second Amended Complaint.  Dkt. # 57.  On or

about August 29, 2017, Plaintiff served Defendant with his first set of written discovery

requests.  Dkt. # 71 Ex. 1 at 3.  After Defendant served its responses to Plaintiff's

discovery requests, the parties met and conferred regarding these responses on two

occasions in October of 2017.  *Id.*; Dkt. # 75.  The parties were unable to come to an

---

[1] Plaintiff's Motion to Compel is twenty-four (24) pages.  This exceeds the page limit set forth in Local Rule 7(e) by 12 pages.  Plaintiff's Motion is double the page limit allowed for motions to compel.  The parties are reminded to follow all local rules and are cautioned that future deviations may result in the Court striking any motion that is not in compliance.

ORDER - 1

agreement on their discovery disputes at the conclusion of these conferences and did not meet again. *Id*. On November 9, 2017, Defendant supplemented its discovery responses. *Id*. Shortly after, the parties exchanged communications regarding Defendant's supplemental response. Specifically, Plaintiff requested that Defendant supplement its production Plaintiff's Request for Production No. 6, which requests "all Plaintiff's written and electronic complete personnel file." *Id*. Defendant responded that it had produced Plaintiff's complete personnel file. On December 13, 2017, Defendant supplemented its discovery responses again. *Id*.

## II. DISCUSSION

The Court has broad discretion to control discovery. *Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011). That discretion is guided by several principles. Most importantly, the scope of discovery is broad. A party must respond to any relevant discovery request that is not privileged and that is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The Court, however, must limit discovery where it can be obtained from some other source that is more convenient, less burdensome, or less expensive, or where its "burden or expense . . . outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving these issues." Fed. R. Civ. P. 26(b)(2)(C)(i), (iii).

Defendant argues that Plaintiff failed to comply with the meet-and-confer requirements of Federal Rule of Civil Procedure 37(a)(1) and LCR 37(a)(1). The former provides, "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). The latter provides:

ORDER - 2

> (1) *Meet and Confer Requirement.* Any motion for an order
> compelling disclosure or discovery must include a certification,
> in the motion or in a declaration or affidavit, that the movant
> has in good faith conferred or attempted to confer with the
> person or party failing to make disclosure or discovery in an
> effort to resolve the dispute without court action. The
> certification must list the date, manner, and participants to the
> conference. If the movant fails to include such a certification,
> the court may deny the motion without addressing the merits of
> the dispute. A good faith effort to confer with a party or person
> not making a disclosure or discovery requires a face-to-face
> meeting or a telephone conference.

W.D. Wash. Local Civ. R. 37(a)(1). As noted by both Defendant and Plaintiff, the parties engaged in two meet-and-confer conferences in October of 2017, and conferred again in November of 2017. Defendant also represents that it attempted to discuss outstanding discovery issues with Plaintiff on December 13, 2017, but did not receive a response. Dkt. # 74. As of the date this Motion was filed, the parties had not had an in-person conference regarding these discovery issues since October of 2017. Plaintiff did not respond to Defendant's last request for a conference regarding Plaintiff's November, 2017 letter. Plaintiff filed this Motion on January 16, 2018. Dkt. # 71.

This Court's Standing Order states that counsel contemplating the filing of a motion "shall first contact opposing counsel to discuss *thoroughly*, preferably in person, the *substance* of the contemplated motion *and any potential resolution*." Dkt. # 41. The Court and Federal and Local Rules have this requirement to minimize waste of judicial time and resources on issues that could be resolved amongst the parties. Defendant represents that the parties' discussions regarding the discovery requests at issue were ongoing. Dkt. # 74. Defendant also represents that there are several outstanding issues from these discussions, including, the time period encompassed by Plaintiff's discovery requests, Plaintiff's request for the electronic files for 59 other employees, and applicable search terms for responsive documents. Dkt. # 75. Other than the November, 2017 exchange regarding only one of Plaintiff's requests for

ORDER - 3

production, the parties failed to continue these discussions in the almost two months before Plaintiff filed this Motion.

The record does not suggest that the parties reached an impasse before the filing of this motion. The facts as presented by both parties indicate that there was no conclusion to any of these open-ended discussions and that further consultation may have resolved many of these discovery disputes prior to moving for this Court's intervention. Further, the Court recently granted Plaintiff's unopposed motion to continue the trial date in this matter for almost six months. Dkt. # 81. Plaintiff contends that he is unable to provide meaningful expert reports without Defendant's cooperation with discovery. As the deadline for expert witness disclosure and reports was extended to September 12, 2018, this argument in favor of granting Plaintiff's motion to compel is not persuasive. The parties now have ample time to continue their discovery-related discussions. Therefore, Plaintiff's Motion to Compel is **DENIED** for failure to comply with Rule 37(a)(1), LCR 37(a)(1) and this Court's Standing Order. Dkt. # 71. The Court also notes that it will not, as Defendant requests, issue what amounts to a presumptive ruling on Defendant's pending Motion to Dismiss by agreeing to stay discovery on allegations related to that Motion. Dkt. # 74.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Compel without prejudice with leave to refile. Dkt. # 71.


Dated this 27th of March, 2018.


The Honorable Richard A. Jones
United States District Judge

ORDER - 4