THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL NEELY, | CASE NO. C16-1791-JCC |
| Plaintiff, | MINUTE ORDER |
| v. | |
| THE BOEING COMPANY, | |
| Defendant. | |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court on Plaintiff's motion to strike (Dkt. No. 138). On February 14, 2019, Plaintiff filed a motion for discovery sanctions (Dkt. No. 110) and a motion for sanctions. (Dkt. No. 111.) Defendant filed a response to both motions. (Dkt. Nos. 129, 133.) Due to an administrative error, Defendant filed the same brief in response to Plaintiff's motions. (*See id.*; Dkt. No. 136.) After Plaintiff notified Defendant and the Court of the error, Defendant filed the proper response brief. (Dkt. Nos. 135, 135-1.) The Court extended the deadline for Plaintiff to file reply briefs in support of his motions. (Docket Entry of March 1, 2019).

On February 14, 2019, Defendant filed a motion for summary judgment. (Dkt. No. 112.) On March 1, 2019, Defendant filed a praecipe to submit errata pursuant to Western District of Washington Local Civil Rule 7(m) notifying the Court that two decisions it relied upon in its

motion for summary judgment had been overturned by the Washington State Supreme Court. (Dkt. No. 137.)

Plaintiff moves to strike Defendant's response to his motion for discovery sanctions and praecipe to submit errata. (Dkt. No. 138.) Plaintiff cites rules and case law pertaining to insufficient service of process, judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), motions to strike under Federal Rule of Civil Procedure 12(f), and excusable neglect. (Dkt. No. 138 at 3–5.) None of these grounds merit striking either document. As a threshold matter, Plaintiff does not argue that either document was insufficiently served upon him, and has not moved for judgment on the pleadings. (*See generally id*.) While Rule 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter[,]"Plaintiff has not substantively argued that either document contains any such material. (*See generally* Dkt. No. 138.)

Plaintiff primarily contends that Defendant's failure to file the correct response to his motion for discovery sanctions cannot constitute excusable neglect because of prejudice it causes, the length in delay in proceedings, the reason for the delay, and Defendant's bad faith. (*See id*. at 3–5) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (examining excusable neglect doctrine as applied to Federal Rule of Bankruptcy Procedure 9006(b)(1)).[1] A Court may extend a deadline or accord a party other relief upon a showing of excusable neglect. *See Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (examining cases). It is not apparent from the record that Defendant's response to Plaintiff's motion for discovery sanctions was untimely, or that Defendant sought leave of the Court to extend the deadline to file its response due to excusable neglect. (*See* Dkt. Nos. 135, 136.) Further, even if Defendant was required to establish excusable neglect, Plaintiff has not

---

[1] Plaintiff does not substantively argue that the doctrine of excusable neglect applies to Defendant's praecipe to its motion for summary judgment, which was properly filed pursuant to Western District of Washington Local Civil Rule 7(m). (*See* Dkt. Nos. 137, 138.)

1 demonstrated that Defendant's failure caused him prejudice, that the length of delay was substantial, that the reason for delay was improper, or that Defendant acted in bad faith. (*See* Docket Entry of May 1, 2019; Dkt. Nos. 133, 135, 135-1, 138 at 4.)

Therefore, Plaintiff has not established a basis for striking Defendant's response to Plaintiff's motion for discovery sanctions (Dkt. Nos. 135, 135-1) or Defendant's praecipe to its motion for summary judgment. (Dkt. No. 139.) For the foregoing reasons, Plaintiff's motion to strike (Dkt. No. 138) is DENIED.

DATED this 22nd day of April 2019.

<u>William M. McCool</u>
Clerk of Court

<u>s/Tomas Hernandez</u>
Deputy Clerk