UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL NEELY, | CASE NO. C16-1791-JCC |
| Plaintiff, | ORDER |
| v. | |
| THE BOEING COMPANY, a Delaware corporation, | |
| Defendant. | |

This matter comes before the Court on Plaintiff's motion for sanctions (Dkt. No. 111). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

**I.  BACKGROUND**

The Court has previously set forth the underlying facts of this case and will not repeat them here. (*See* Dkt. No. 83.)

On September 22, 2017, Plaintiff sent his counsel W. Percy Badham, III of the law firm Badham and Buck a termination letter. (Dkt. No. 111-3.) Plaintiff's letter directed Badham to "return all evidence, artifacts, documents and other [sic] that pertain to my case in your possession via US mail . . ." and included Plaintiff's address and the address of his new counsel (*Id*.) On September 29, 2017, Badham erroneously sent a box of materials to Plaintiff's former

address in Huntsville, Alabama. (Dkt. Nos. 111-4, 111-5.) On or around October 11, 2017, a Remax real estate agent found the box of materials. (Dkt. No. 130 at 2.) The real estate agent delivered the box to the home of Norman Tew, an executive of Defendant, and his wife Kathy Tew, who is not employed by Defendant. (Dkt. Nos. 130-1 at 4, 131 at 1.) Mrs. Tew accepted the box, and saw Defendant's logo and the word "proprietary" when she briefly reviewed its contents. (Dkt. No. 130-1 at 4.) Because Mr. Tew was away on travel, Mrs. Tew informed him of the box and its contents via telephone and stored the box in the Tews' kitchen. (*Id.*) Mr. Tew did not open or review the contents of the box upon his return. (*Id.*) On October 12, Mr. Tew delivered the box to one of Defendant's paralegals in Alabama who is not involved in the present litigation, who on October 13 shipped the box to the Washington, D.C. office of Morgan, Lewis & Bockius LLP, counsel for Defendant. (*Id.*; Dkt. Nos. 130-1 at 4, 131 at 1.) Defense counsel has not reviewed the contents of the box in case it contains materials covered by attorney-client privilege. (Dkt. No. 130 at 2.) At the direction of Plaintiff's (now former) counsel, defense counsel has retained the box pending further direction from the U.S. Postal Service. (Dkt. No. 130-2.) Plaintiff has alleged that numerous individuals have participated in a conspiracy to deliver the box to Defendant instead of Plaintiff. (*See* Dkt. Nos. 111-6 at 5, 130-6 at 5–9.)

In response to Plaintiff's discovery requests, Defendant provided Plaintiff his Microsoft Outlook Personal Storage Table file (the ".PST file") for December 2014 to March 25, 2016, which Defendant believes encompasses all of Plaintiff's age discrimination and retaliation claims. (Dkt. Nos. 111-8, 130 at 3, 130-3 at 2.) Plaintiff's counsel told Defendant the .PST file was deficient because emails prior to December 2014 were relevant and it appeared that some emails from after December 2014 were missing. (Dkt. No. 111-9 at 2.) After the parties met and conferred, Defendant agreed to produce the remainder of the .PST file. (Dkt. No. 130 at 3.) Defendant's employees retrieved all of the email files captured on Defendant's server and collected locally-stored .PST and .MSG files, decrypted the files, and maintained them in a secure environment until they were provided to Defendant's electronic data personnel. (*Id.*; Dkt.

1   No. 132 at 1–2.) Defendant's electronic data personnel de-duplicated the files and loaded them
2   onto a Relativity review platform, from which the .PST file was produced in their entirety to
3   Plaintiff. (Dkt. Nos. 130 at 3, 132 at 2.)
4       Plaintiff moves for sanctions against Defendant based on its handling of the box of
5   materials and production of the .PST file. (Dkt. No. 111.)[1] Plaintiff seeks an entry of default
6   judgment against Defendant on all of Plaintiff's claims, citing Federal Rule of Civil Procedure
7   37(e)(2)(C) and the Court's inherent powers. (*Id*. at 10.)

## II. DISCUSSION

### A. Legal Standard

If a party fails to take reasonable steps to preserve electronically stored information that should have been preserved in anticipation or conduct of litigation and the information is lost and cannot be restored or replaced through further discovery, "the court . . . only upon finding that the party acted with intent to deprive another party of the information's use in litigation may . . . dismiss the action or enter a default judgment." Fed. R. Civ. P. 37(e)(2)(C).

District courts also possess inherent authority to impose sanctions against a party that prejudices its opponent through the destruction or spoliation of relevant evidence. *See Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993). Spoliation is the "destruction or significant

---

[1] Defendant asks the Court to strike Plaintiff's motion on two grounds. First, Defendant construes Plaintiff's motion as a motion to compel discovery and argues that it violates the Court's scheduling order and lacks a certification that Plaintiff met and conferred with Defendant. (Dkt. No. 129 at 6) (citing Fed. R. Civ. P. 37(a)(1), W.D. Wash. Local Civ. R. 37(a)(1)). But Plaintiff's motion seeks entry of default judgment against Defendant, not an order compelling additional discovery. (*See* Dkt. Nos. 111 at 10, 147 at 4.) The Court declines to find Plaintiff's motion untimely and violative of the Local and Federal Rules on this ground.

Second, Defendant argues that Plaintiff failed to meet and confer with Defendant prior to filing his motion, in violation of the Hon. Judge Richard A. Jones's General Motions Practice Meet and Confer Requirement. (Dkt. No. 129 at 6) (citing Chambers Procedures, General Motions Practice Meet and Confer Requirement, *available at* https://www.wawd.uscourts.gov/sites/wawd/files/JonesGeneralMotionsPractice.pdf). The General Motions Practice Meet and Confer requirement grants the Court discretion to strike non-compliant pleadings, and the Court declines to do so here.

alteration of evidence, or the failure to preserve property for another's use as evidence, in pending or future litigation." *Kearney v. Foley & Lardner, LLP*, 590 F.3d 638, 649 (9th Cir. 2009). The party alleging spoliation must prove:

> (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a 'culpable state of mind;' and (3) that the evidence was 'relevant' to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.

*Apple Inc. v. Samsung Elecs. Co.*, 888 F. Supp. 2d 976, 989 (N.D. Cal. 2012) (citing cases). When spoliation has occurred, district courts may impose a variety of sanctions, including:

> (1) exclusion of evidence, (2) admitting evidence of the circumstances of the destruction or spoliation, instructing the jury that it may infer that the lost evidence would have been unfavorable to the party accused of destroying it, or (4) entering judgment against the responsible party, either in the form of dismissal or default judgment.

*Pettit v. Smith*, 45 F. Supp. 3d 1099, 1105 (D. Ariz. 2014). "[C]ase-terminating sanctions require conduct akin to bad faith." *Id*. at 1113 (examining cases).

**B.     Box of Materials**

Plaintiff argues that Defendant violated attorney-client privilege, tampered with and spoliated evidence, and committed theft during its handling of the box of materials and seeks entry of a default judgment pursuant to the Court's inherent powers. (Dkt. No. 111 at 4–7.) Plaintiff does not offer evidence supporting his assertion that the box contains materials covered by attorney-client privilege, and thus has not carried his burden of establishing that the privilege applies. *See Liew v. Breen*, 640 F.2d 1046, 1049 (9th Cir. 1981). Many of Plaintiff's arguments focus on his claims that Defendant and others engaged in criminal conduct in removing the box from Plaintiff's former address and examining its contents. (*Id*.; *see* Dkt. No. 147 at 2–3.) Plaintiff's allegations of criminal conduct are not properly before the Court, and are insufficient to merit Plaintiff's requested relief of entry of default judgment against Defendant in this case. *See Pettit*, 45 F. Supp. 3d at 1113.

Plaintiff also argues that Defendant has spoliated the contents of the box. (*See* Dkt. No. 111 at 4.) Plaintiff appears to assume that Mrs. Tew, who is not an employee of Defendant or otherwise involved in this litigation, tampered with or spoliated the evidence when she looked at the contents of the box. (*See* Dkt. No. 111 at 5) (stating that Defendant's assertion that "*upon info1mation* [sic] *and belief, the box contained documents with Boeing's logo marked "Proprieta1y*" [sic] . . . confirms the package was opened and reviewed with suspected manipulation and spoliation thus contaminated.") (emphasis in original). Mrs. Tew's brief examination of the contents of the box is insufficient to establish that Defendant has destroyed relevant evidence, *Kearney*, 590 F.3d at 649, and none of Defendant's employees or attorneys are alleged to have opened the box or examined its contents. (*See* Dkt. Nos. 130 at 2, 130-1 at 4.) Plaintiff's assumption that the box's contents have been tampered with or spoliated is insufficient to merit entry of default judgment against Defendant pursuant to the Court's inherent powers. *Glover*, 6 F.3d at 1329.[2] Plaintiff's motion is DENIED on this ground.

### C. The .PST File

Plaintiff contends that Defendant spoliated the .PST file and seeks entry of a default judgment, citing Federal Rule of Civil Procedure 37(e)(2)(C) and the Court's inherent powers. (Dkt. No. 111 at 7–10.) First, Plaintiff asserts that Defendant should have produced the entire .PST file "in whole, untouched, pristine condition," and spoliated the .PST file by initially producing the portion of the .PST file from December 2014 to March 25, 2016 and later supplementing its production by providing Plaintiff with the remainder of the .PST file. (*Id.* at 7–8.) But bifurcation of the .PST file does not constitute destruction of the relevant evidence therein sufficient to support Plaintiff's claim of spoliation. *Kearney*, 590 F.3d at 649. Moreover,

---

[2] The Court also notes that Plaintiff has not established that Defendant was under an obligation to preserve the contents of the box (although it has done so), that Defendant tampered with or spoliated the evidence with a culpable state of mind, or that the contents of the box were relevant to Plaintiff's claims such that a reasonable factfinder could find that they would support Plaintiff's claims. *Apple*, 888 F. Supp. 2d at 989.

Plaintiff has not established that Defendant acted with a culpable mind when it initially disclosed only part of the .PST file, as Defendant believed it had complied with Plaintiff's discovery request by producing the relevant part of the .PST file. (*See* Dkt. No. 130 at 3); *Apple*, 888 F. Supp. 2d at 989. Absent additional evidence of destruction of the .PST file's contents and of Defendant's culpable mind in doing so, Plaintiff has not established that Defendant spoliated the .PST file through its piecemeal disclosure.

Second, Plaintiff argues that Defendant spoliated the .PST file because some files are still missing although Defendant has asserted that it has produced the complete .PST file. (Dkt. No. 111 at 4, 8.) Prior to his last day of employment, Plaintiff conducted a simple count of the number of files in each folder within the .PST file. (*Id*. at 8.) Plaintiff compared that number to the total number of files contained in Defendant's productions of the .PST file and concluded that there are still missing files following Defendant's second production. (*Id*.; Dkt. No. 111-11).[3] Although the discrepancy between Plaintiff's simple count and the total files in the .PST file produced by Defendant is notable, Plaintiff has not established that entry of default judgment against Defendant is merited. As a threshold matter, Plaintiff has not established that the files cannot be restored or replaced through further discovery. Fed. R. Civ. P. 37(e)(2)(C); *Kearney*, 590 F.3d at 649. For example, Plaintiff has not argued that he has been denied the allegedly missing files following a request for their production, and he has not met and conferred with Defendant about curing this issue. (*See* Dkt. Nos. 111 at 4, 8; 129 at 6–7.) Further, Plaintiff has not offered evidence showing that Defendant acted with intent to deprive him of the files or that otherwise acted with a culpable state of mind akin to bad faith. Fed. R. Civ. P. 37(e)(2)(C); *Pettit*, 45 F. Supp. 3d at 1105; *Apple*, 888 F. Supp. 2d at 989. In fact, Defendant has offered evidence supporting its assertion that it acted diligently and thoroughly to provide Plaintiff with

---

[3] Defendant misconstrues Plaintiff's argument as comparing the number of files contained in each of Defendant's production as opposed to comparing Plaintiff's count with the total number of files produced by Defendant. (*See* Dkt. No. 129 at 11.)

the entirety of the .PST file. (*See* Dkt. Nos. 130 at 3, 132 at 1–2.) Therefore, Plaintiff has not established that default judgment is merited based on the allegedly missing files from the .PST file. Thus, Plaintiff has not established that an entry of default judgment against Defendant is merited by its production of the .PST file, and Plaintiff's motion is DENIED on this ground.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for sanctions (Dkt. No. 111) is DENIED.

DATED this 23rd day of April 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE