UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL NEELY, | CASE NO. C16-1791-JCC |
| Plaintiff, | ORDER |
| v. | |
| THE BOEING COMPANY, | |
| Defendant. | |

This matter comes before the Court on Plaintiff's motion for reconsideration (Dkt. No. 106) of the Court's order granting in part and denying in part Defendant's motion to dismiss (Dkt. No. 83). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

**I.  BACKGROUND**

The Court previously discussed the underlying facts of this case and will not repeat them here. (*See* Dkt. No. 83.) On May 15, 2018, the Court granted in part and denied in part Defendant's motion to dismiss. (*Id*. at 13.) Plaintiff seeks reconsideration of the Court's dismissal of his claims arising under the Dodd-Frank Wall Street Reform and Consumer Protection Act ("Dodd-Frank Act"), 15 U.S.C § 78u-6, and the Sarbanes-Oxley Act ("SOX"), 18 U.S.C. § 1514. (Dkt. No. 106.)

## II. DISCUSSION

### A. Motion for Reconsideration Legal Standard

Motions for reconsideration are generally disfavored. W.D. Wash. Local Civ. R. 7(h)(1). Reconsideration is only appropriate where there is "manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." *Id.* "A motion for reconsideration should not be used to ask the court to rethink what the court had already thought through—rightly or wrongly." *Premier Harvest LLC v. AXIS Surplus Insurance Co.*, No. C17-0784-JCC, Dkt. No. 61 at 1 (W.D. Wash. 2017) (quoting *U.S. v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998)).

### B. SOX Claim

The Court dismissed Plaintiff's claim that Defendant retaliated against him in violation of SOX because Plaintiff failed to allege that he engaged in activity protected by the statute. (Dkt. No. 83 at 7–8.) Plaintiff argues that reconsideration is merited because the Court failed to accept the factual allegations in Plaintiff's second amended complaint as true and to credit him with all reasonable inferences arising therefrom. (Dkt. No. 106 at 2–7.) Although Plaintiff asserts that the Court committed manifest error, he simply reiterates the arguments he raised in his response to Defendant's motion to dismiss. (*Compare id.*, *with* Dkt. No. 63 at 12–14.) Plaintiff's disagreement with the Court's analysis of the factual allegations in the second amended complaint and Plaintiff's arguments in response to Defendant's motion to dismiss is insufficient to show manifest error in the Court's ruling meriting reconsideration. W.D. Wash. Local Civ. R. 7(h)(1); *Premier Harvest LLC*, No. C17-0784-JCC, Dkt. No. 61 at 1. Therefore, Plaintiff's motion for reconsideration is DENIED on this ground.

### C. Dodd-Frank Act Claim

The Court dismissed Plaintiff's claim for retaliation in violation of the Dodd-Frank Act because Plaintiff did not allege that he reported any alleged misconduct to the Securities and Exchange Commission ("SEC"), and therefore did not qualify as a "whistleblower" under the

Dodd-Frank Act's anti-retaliation provision. (Dkt. No. 83 at 6) (citing *Digital Realty Tr., Inc. v. Somers*, 138 S. Ct. 767, 777 (2018); 15 U.S.C. § 78u-6(a)(6)).[1] Plaintiff argues that the Supreme Court's decision in *Digital Realty* was issued after the briefing had closed on Defendant's motion to dismiss, and therefore constitutes new legal authority that could not have been brought to the Court's attention earlier with reasonable diligence. (Dkt. No. 106 at 3–4, 7–8.) But the *Digital Realty* decision was brought to the Court's attention prior to its decision on Defendant's motion to dismiss. Defendant filed a notice of supplemental authority notifying the Court of *Digital Realty* while the Court was considering Defendant's motion to dismiss, and the Court's order on Defendant's motion to dismiss relied on *Digital Realty* in dismissing Plaintiff's Dodd-Frank Act claim. (*See* Dkt. Nos. 77, 83 at 6.) Therefore, the Supreme Court's decision in *Digital Realty* does not constitute new legal authority meriting reconsideration of the Court's order on Defendant's motion to dismiss. W.D. Wash. Local Civ. R. 7(h)(1).

Plaintiff also contends that new facts justify reconsideration of the Court's decision. He asserts that he now falls within the definition of a whistleblower under *Digital Realty* because he filed a complaint with the SEC three days after the Court's order on Defendant's motion to dismiss. (Dkt. No. 106 at 2, 7–8.) But Plaintiff's filing of an SEC complaint after the Court issued its order does not constitute new factual matter that could not have been brought earlier with reasonable diligence meriting reconsideration. W.D. Wash. Local Civ. R. 7(h)(1). Moreover, the Court dismissed Plaintiff's Dodd-Frank Act claim because he did not qualify as a whistleblower when Defendant allegedly retaliated against him. (*See* Dkt. No. 83 at 6.) Plaintiff's filing of a complaint with the SEC in 2018 to qualify as a whistleblower years after the alleged retaliatory acts occurred cannot cure the deficiencies in his Dodd-Frank Act claim.

---

[1] In *Digital Realty*, the Supreme Court held that a plaintiff must report alleged unlawful conduct to the SEC in order to qualify as a "whistleblower" under the Dodd-Frank Act, reversing the Ninth Circuit's holding that a plaintiff qualified as a "whistleblower" if they reported alleged unlawful activity to only their employer, as opposed to the SEC. 138 S. Ct. at 777 (2018); *see Somers v. Digital Realty Tr. Inc.*, 850 F.3d 1045, 1051 (9th Cir. 2017).

(*See id*.) Therefore, Plaintiff's motion for reconsideration is DENIED on this ground.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration (Dkt. No. 106) is DENIED.

DATED this 17th day of May 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE