THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL NEELY, | CASE NO. C16-1791-JCC |
| Plaintiff, | ORDER |
| v. | |
| THE BOEING COMPANY, | |
| Defendant. | |

This matter comes before the Court on Plaintiff's motion for sanctions against Defendant for failing to produce discovery and witnesses (Dkt. No. 110). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

I. **BACKGROUND**

The Court has previously stated the underlying facts of this case and will not repeat them here. (*See* Dkt. No. 83.) In August 2017, Plaintiff served interrogatories and requests for production on Defendant. (Dkt. No. 110 at 2.) In September, Defendant served Plaintiff with its responses and produced documents. (Dkt. Nos. 110-3, 134 at 2.) In January 2018, Plaintiff moved for an order compelling Defendant to supplement its responses and produce additional documents, which the Court denied without prejudice for not complying with the meet-and-confer requirement set forth by Federal Rule of Civil Procedure 37(a)(1), Local Civil Rule

1   37(a)(1), and the Standing Order for Civil Cases Assigned to Judge Richard A. Jones. (Dkt. Nos.
2   41, 71, 82.)

3         In May 2018, the Court dismissed five of Plaintiff's claims for failure to state a claim upon which relief may be granted. (*See* Dkt. No. 83.) The Court dismissed Plaintiff's claim that Defendant retaliated against him in violation of the Wendell H. Form Aviation Investment and Reform Act for the 21st Century ("AIR 21"), 49 U.S.C. § 42121, *et seq*. for lack of subject matter jurisdiction. (*Id*. at 5.) Plaintiff is presently litigating that claim before the United States Department of Labor ("DOL"). (Dkt. Nos. 110 at 2–4, 134 at 2.) The parties previously agreed to cross-designate their document production and written discovery in the two cases, where relevant. (Dkt. No. 134 at 2.)

      On August 16, 2018, Plaintiff filed a motion to compel Defendant to more fully respond to Plaintiff's requests for production, along with other relief. (Dkt. No. 91.) On August 29, the Court stayed the case following the parties' representation that they had reached a settlement in principle and struck all pending motions. (Dkt. No. 98.) After the stay expired in October 2018, the Court issued an order setting an amended trial date and pretrial deadlines; the deadline to complete discovery was set for January 6, 2019. (Dkt. No. 105 at 1.)

      To date, Defendant has produced 74,577 separate documents and Plaintiff has taken 13 depositions across the two proceedings. (Dkt. No. 134 at 3.) Plaintiff noticed an additional seven depositions but cancelled them. (*Id*.) Plaintiff noticed a Rule 30(b)(6) deposition but refused the dates proposed by Defendant without offering alternative dates. (*Id*.) It appears that the discovery deadline passed without Plaintiff having taken a Rule 30(b)(6) deposition.

      Plaintiff moves for an order allowing "all cloned discovery [in the DOL litigation] for use in this case," for various forms of discovery relief, and for discovery-related sanctions against Defendant. (Dkt. No. 110 at 10–12.)

//

//

## II. DISCUSSION

### A. Discovery Requests

Once the district court has issued a scheduling order, the "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b); *see* W.D. Wash. Local Civ. R. 16(b). The Court's most recent scheduling order set the deadline to complete discovery for January 6, 2019 and required that all discovery motions be noted no later than the Friday before the close of discovery. (Dkt. No. 105 at 1.) Plaintiff filed the present motion on February 14, 2019. (*See* Dkt. No. 110.) Plaintiff has not moved to modify the Court's scheduling order, and thus his discovery requests are untimely.[1] Plaintiff's *pro se* status does not excuse him from complying with rules of procedure set forth by the Federal Rules of Civil Procedure or this Court's Local Civil Rules. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)). Therefore, the Court DENIES Plaintiff's discovery-related requests for relief in the present motion.

### B. Sanctions

Plaintiff moves for discovery-related sanctions against Defendant on a variety of grounds. (*See* Dkt. No. 110 at 11–12.) Each is examined in turn.

#### 1. *Failure to Produce*

Plaintiff asserts that Defendant has failed to produce documents or fully respond to Plaintiff's discovery requests in violation of Federal Rule of Civil Procedure 26. (*Id*. at 5–10.) Plaintiff asks the Court to impose various sanctions on Defendant under Federal Rule of Civil

---

[1] Plaintiff also contends that he satisfied his meet-and-confer obligation prior to filing the present discovery motion. (*See* Dkt. No. 110 at 4–5); Fed. R. Civ. P. 37(a)(1); W.D. Wash. Local Civ. R. 37(a)(1). In support of his assertion, Plaintiff resubmits his prior counsel's declaration in support of the August 2018 motion to compel and an unsigned and undated document he states is his declaration in support of the present motion. (*See* Dkt. No. 110-4; *see also* Dkt. Nos. 110 at 4, 110-5 at 2–4.) Neither document states that Plaintiff has met and conferred with Defendant about the issues presented in the instant motion. (*See* Dkt. Nos. 110 at 4–5, 110-4, 110-5 at 2–4; *see also* Dkt. No. 134 at 3.) The Court also finds that the discovery request is improper because Plaintiff failed to satisfy the meet-and-confer requirement.

Procedure 37(c)(1), including paying $25,000 plus Plaintiff's attorney's fees. (Dkt. No. 110 at 12.)

If a party fails to provide information, identify a witness, or supplement an earlier response, the Court may impose sanctions, including ordering payment of the moving party's reasonable expenses caused by the failure. *See* Fed. R. Civ. P. 37(c)(1). Plaintiff asserts that Defendant has wrongfully withheld discovery in this litigation related to his whistleblower claims, which it has produced at least in part in the DOL litigation. (*See* Dkt. No. 110 at 6–7.)[2] Plaintiff relies on the Court's analysis of his wrongful termination in violation of public policy claim in its order on Defendant's motion to dismiss to argue that Defendant must produce further whistleblower-related discovery in this case. (*See* Dkt. No. 110 at 7–8.) But the Court's analysis recognized that Plaintiff had not pled a claim upon which relief could be granted as to his federal whistleblowing claims, and did not impose a broad obligation on Defendant to continue to produce whistleblowing-related discovery in this litigation. (*See* Dkt. No. 83 at 9–10.) Plaintiff has not argued that he was otherwise precluded from discovery necessary to pursue his wrongful discharge in violation of public policy claim. (*See* Dkt. No. 110 at 6–7.) Therefore, Plaintiff has not established that Defendant violated its obligations under Rule 26 as to Plaintiff's whistleblowing claims, and his request for sanctions under Rule 37(c)(1) is DENIED.[3]

---

[2] Plaintiff also argues that Defendant has failed to comply with its discovery obligations in the DOL litigation, and therefore sanctions are merited in this case. (Dkt. No. 110 at 9–10.) Plaintiff has not offered legal authority standing for the proposition that a party's conduct during discovery in a given case merits the imposition of discovery sanctions in a separate proceeding. (*See id.*) The Court declines to do so here.

[3] Plaintiff also contends that produced documents *en masse* without cross-reference lists, which hindered Plaintiff's ability to determine whether the discovery was in fact responsive to his requests for production. (Dkt. No. 110 at 7–8.) Plaintiff relies on the declaration of his "whistleblower expert," who offers legal conclusions as to the validity of Defendant's objections although he is not an attorney. (*See* Dkt. No. 110-10.) Beyond the infirmity of Plaintiff's supporting declaration, he has not argued that Defendant's productions were in fact deficient as to his active claims. (*See* Dkt. No. 110 at 8.) And to the extent that Plaintiff is arguing that he needs additional time to evaluate Defendant's discovery responses, such a request is untimely absent an extension of the discovery deadline. (*See supra* Section II.A.)

2. *Deposition Sanctions*

Plaintiff claims that Defendant failed to designate a witness for deposition under Federal Rule of Civil Procedure 30(b)(6) and failed to make witnesses available pursuant to Federal Rule of Civil Procedure 30(a)(1). (Dkt. No. 110 at 10–11.) Plaintiff moves for sanctions of $25,000 to be imposed against Defendant pursuant to Federal Rule of Civil Procedure 30(d)(2). (*Id*. at 12.)[4]

"A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)." Fed. R. Civ. P. 30(a)(1). In its notice or subpoena, a party may seek the deposition of a corporate entity, which "must then designate one or more [witnesses] who consent to testify on its behalf . . . ." Fed. R. Civ. P. 30(b)(6). "A party must obtain leave of court . . . if the parties have not stipulated to the deposition and . . . the deposition would result in more than 10 depositions being taken under this rule or Rule 31 by [a party] . . . [or] the deponent has already been deposed in the case . . . ." Fed. R. Civ. P. 30(a)(2)(A)(i)–(ii). "The court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2).

Plaintiff's assertion that Defendant wrongfully precluded him from taking a Rule 30(b)(6) deposition focuses on Defendant's statement that it would not consent to depositions taken after the discovery cutoff. (*See* Dkt. Nos. 110 at 10–11, 134-3.)[5] As discussed above,

---

Plaintiff also argues that Defendant continued to wrongfully evade discovery following the Court's order on Defendant's motion to dismiss, and appears to seek an order compelling Defendant to produce the discovery. (*See id*.) As discussed above, Plaintiff has not moved for an extension of the discovery deadline and therefore any requests to compel additional discovery are untimely. (*See supra* Section II.A.)

[4] Plaintiff also cites Federal Rule of Civil Procedure 37(d)(1)(A)(i) but does not request any relief pursuant to that rule. (*See* Dkt. No. 110 at 12.)

[5] Notably, the parties discussed the discovery cutoff in the DOL litigation, which fell on December 7, 2018. (*See* Dkt. Nos. 110-19 at 5–6, 134-3 at 2.) But the parties have not indicated that Plaintiff has since taken a Rule 30(b)(6) deposition in this case, (*see* Dkt. Nos. 110 at 10–11, 134 at 3, 135-1 at 12), and the discovery deadline passed on January 6, 2019. (Dkt. No. 105.)

Plaintiff has not moved to extend the discovery deadline in this case. (*See supra* Section II.A.) Plaintiff has also not moved for an order compelling Defendant to produce a Rule 30(b)(6) witness despite the expiration of the discovery cutoff. And although Plaintiff argues that Defendant is completely at fault for failing to schedule a Rule 30(b)(6) deposition, Defendant proposed several dates that Plaintiff refused without proposing alternative dates. (*See* Dkt. Nos. 110 at 10, 110-19 at 5, 134 at 3.) Plaintiff has not explained why he did not propose other dates or seek relief from the Court prior to the discovery deadline, or demonstrated that Defendant's failure to continue proposing dates until Plaintiff accepted one merits the heavy sanctions he seeks. (*See* Dkt. Nos. 110 at 10–11, 110-19 at 5, 134 at 3.) Thus, Plaintiff has not established that Defendant was obligated to allow him to continue taking depositions after the discovery cutoff or shown that Defendant violated Rule 30 when it stated that it would abide by the discovery cutoff date.

Plaintiff claims that Defendant failed to provide two groups of witnesses for depositions: five whose depositions had not been taken as of December 5, 2018, and three "callback" witnesses that Plaintiff wanted to depose further. (Dkt. Nos. 110 at 11, 110-19 at 5.) Of the five depositions that had not been taken as of December 5, one was the Rule 30(b)(6) deposition, discussed above; one was cancelled by Plaintiff; one was for a witness who was not employed by Defendant; one was substituted for a witness declaration in accordance with a DOL ruling; and Plaintiff noticed the last witness's deposition to take place on a date past the discovery cutoff. (Dkt. Nos. 110-19 at 5, 134 at 3, 134-2 at 19.) Plaintiff relies solely on the fact that these depositions had not been taken as of December 5, 2018 for his claim that Defendant failed to make the witnesses available. (*See* Dkt. No. 110 at 11.) But it appears that each deposition has been resolved, and Plaintiff has not argued that Defendant acted improperly in facilitating those resolutions. Thus, Plaintiff has not established that Defendant impeded, delayed, or frustrated the

---

The Court will construe Plaintiff's present arguments as raised against Defendant's alleged failure to provide a Rule 30(b)(6) deponent in both cases.

fair examination of these witnesses.

Similarly, Plaintiff has not established that Defendant acted improperly in declining to make witnesses who had already been deposed available for "callback" depositions. (*See* Dkt. Nos. 110 at 11, 110-19 at 5.) Plaintiff could not take additional depositions of these witnesses without leave of the Court. Fed. R. Civ. P. 30(a)(2)(A)(ii). Plaintiff has not sought leave of the Court to depose these witnesses a second time, and has not otherwise established that Defendant acted improperly in declining to make them available upon Plaintiff's request. Therefore, Plaintiff has not established that Defendant violated Rule 30 when it declined to make these witnesses available for further depositions.

Thus, Plaintiff has not established that Defendant violated Rule 30, and his request for sanctions under Rule 30(d)(2) is DENIED.[6]

### 3. *Violation of Court Order*

Plaintiff contends that Defendant failed to obey a discovery order. (Dkt. No. 110 at 12.) Plaintiff asks the Court to find Defendant in contempt of court and impose various sanctions on Defendant pursuant to Federal Rules of Civil Procedure 37(b)(2)(A) and 37(b)(2)(C), including payment of $25,000. (*Id*. at 11–12.)

If a party or witness "fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may" impose various sanctions, including treating the failure as contempt of court or requiring the violating party to pay the moving party's reasonable expenses. Fed. R. Civ. P. 37(b)(2)(A)(i)–(vii), (b)(2)(C). To find a party in civil contempt, the moving party must show "by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply." *F.T.C. v. Affordable Media*,

---

[6] Plaintiff also asks the Court to order Defendant to conduct a Rule 30(b)(6) deposition. (Dkt. No. 110 at 12.) As discussed above, such a request is untimely absent an extension of the discovery deadline. (*See supra* Section II.A.)

179 F.3d 1228, 1239 (9th Cir. 1999) (quoting *Stone v. City & Cty. County of S.F.*, 968 F.2d 850, 856 n.9 (9th Cir. 1992)).

Plaintiff does not identify a specific order of the Court that he alleges Defendant did not follow in his request for relief. (*See* Dkt. No. 110 at 11–12.) In the rest of his motion, Plaintiff identifies several documents: the parties' joint status report and discovery plan, the Court's order regarding initial disclosures, the Court's order denying Plaintiff's motion to compel without prejudice, and the Court's order on Defendant's motion to dismiss. (Dkt. No. 110 at 1, 6–11) (citing Dkt. Nos. 42, 43, 82, 83).[7] The parties' joint status report is not an order of the Court. (*See* Dkt. No. 43.) And Plaintiff has not established that the Court's orders he identifies imposed specific discovery obligations on Defendant or produced clear and convincing evidence that Defendant violated such obligations. (*See* Dkt. Nos. 43, 82, 83; *see also* Dkt. No. 110 at 1, 6–11.) Therefore, Plaintiff's request for sanctions under Rules 37(b)(2)(A) and 37(b)(2)(C) is DENIED.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for discovery and sanctions (Dkt. No. 110) is DENIED.

DATED this 20th day of May 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[7] Plaintiff also cites several orders regarding discovery in the DOL litigation. (*See* Dkt. No. 110 at 10.) But these are not orders by the Court in this litigation, and therefore cannot support a finding of contempt or imposition of sanctions on Defendant in this case.